IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY OSBORNE, #351184 | * |
| Plaintiff | * |
| v. | *   CIVIL ACTION NO. GLR-13-274 |
| WARDEN BOBBY P. SHEARIN<br>LT. DALE SMITH<br>SGT W. ISER, *Housing Unit One*<br>LT. MCKENZIE, *NBCI Property* | *<br><br>*<br><br>* |
| Defendants | |

*****

**MEMORANDUM**

Plaintiff, who is confined at the North Branch Correctional Institution ("NBCI"), a maximum security facility, filed this 42 U.S.C. § 1983 civil rights action on January 25, 2013, alleging that while housed at NBCI he was informed that his property must be mailed home because he had over 180 days on segregation or "lock-up." He contends that the policy conflicts with a Maryland regulation which states that if "I did not receive any additional sanction from a hearing officer or warden, my property is safely stored until I come off lock-up." ECF No. 1. Although he does not allege that his property was disposed of, Plaintiff seeks reimbursement for his property.

Pending before the Court is Defendants' unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.[1] ECF No. 9. The undersigned has examined the record and declarations submitted by the parties and finds that no hearing is necessary. See Local Rule 105.6. (D. Md. 2011). For reasons to follow, Defendants' Motion shall be granted.

---

[1] On April 30, 2013, the Clerk mailed Plaintiff a letter notifying him of Defendants' filing pursuant to the dictates of Roseboro v. Garrison, 528 F.2d. 309 (4th Cir. 1975). ECF No. 10. Plaintiff has not filed an opposition response.

**Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 1969. The Court need not, however, accept unsupported legal allegations, see Revene v. Charles Cnty. Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

**Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

## A. Loss of Property

There is no dispute that on September 5, 2012, Plaintiff was found guilty of an inmate rule violation and sanctioned to disciplinary segregation for 250 days. ECF No. 9 at Ex. 3. His excess property was stored elsewhere for storage and safekeeping and he was advised to provide an address to have his property mailed home. As he did not provide an outside mailing address, his property was destroyed pursuant to regulations.[2] Plaintiff filed a grievance at the institutional level regarding the confiscation of his property, but did not appeal Warden Shearin's dismissal of the administrative remedy grievance. Id. at Exs. 4 & 5.

Under 42 U.S.C. § 1983, Plaintiff must establish violation of a constitutional right or federal law. See Baker v. McCollan, 443 U.S. 137 (1979). Prisoners typically have a liberty interest where good time credits are lost (thus lengthening the amount of time to be served), or where actions are taken that unexpectedly exceed the scope of their sentence. In such circumstances, the procedural protections of the Due Process Clause come into play. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Where these contingencies are not implicated, however, prisoner due process rights will be found based on mandatory language in state law or regulations that create enforceable expectations,[3] and where the adverse action imposes "atypical

---

[2] Under NBCI ID 200.0004, due to limited available space for property storage in the housing units and the NBCI property room and as a proven deterrent to unacceptable behavior and a method of reducing violence, any inmate that receives greater than one hundred 180 days of disciplinary segregation will only be permitted to possess their segregation-allowable property. No other property will be stored and shall be inventoried and prepared for mailing outside the institution. The inmate will be asked whether he wishes the property to be mailed out at his expense or be deemed abandoned and destroyed. The inmate has 30 days from the date of the inventory to provide a valid mailing address. Should the inmate fail to provide a valid address at the expiration of that time, property abandonment proceedings will be initiated. ECF No. 9 at Ex. 2.

[3] See Wolff v. McDonnell, 418 U.S. 539, 545 n. 5 (1974); see also Meachum v. Fano, 427 U.S. 215, 228 (1976).

3

and significant hardship...in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[4] See Juncker v. Tinney, 549 F.Supp. 574, 579 (D. Md. 1982).[5]

**B.      Institutional Directive**

The Court finds that the NBCI Institutional Directive 220.0004 requiring confiscation and disposition of personal property for those on long-term disciplinary segregation does not contain mandatory language permitting confiscation only in instances where such sanction is incorporated into the adjustment sanction handed down by a hearing officer. Furthermore, prisoners for a variety of reasons, including space limitations, are at times directed to send property to the "outside" for safe-keeping. That Plaintiff was provided this option while serving a long-term disciplinary segregation sentence does not amount to an "atypical and significant hardship...in relation to the ordinary incidents of prison life" in violation of Sandin, 515 U.S. at 484-86. To the extent that written directives were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow

---

[4] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[5] Although Juncker dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given Juncker's reliance on Parratt in dismissing Plaintiff's due process claim.

4

regulations does not, in and of itself, result in a violation of due process.  See Ewell v. Murray, 11 F.3d 482, 488 (4th Cir. 1993); Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987). Regardless of any alleged violation of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met.  See Myers v. Kelvenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

## **Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment shall be granted.  A separate order follows.

September 20, 2013

/s/
_____
George L. Russell, III
United States District Judge